IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**KRISTINA M. DENNIS,**                                    Civ. No. 6:12-cv-0417-CL

           Plaintiff,

                           **REPORT & RECOMMENDATION**

      v.

**CAROLYN W. COLVIN**, Commissioner,
Social Security Administration

           Defendants.
_____

CLARKE, Magistrate Judge.

      Plaintiff Kristina Dennis ("Dennis") seeks judicial review of the Social Security

Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's

decision should be AFFIRMED.

///

///

## BACKGROUND

Dennis was born October 31, 1957 and was forty-nine years old at the time of her date last insured ("DLI"). Tr. 169, 240.[1]  She has at least a high school education and her schooling concluded in 1978. Tr. 59, 88-89. Dennis worked as a beautician from 1997-2003 and last worked as an office assistant in a medical clinic until 2007. Tr. 89. She alleges disability beginning June 2, 2006. Tr. 35.

Dennis's claim was denied initially and upon reconsideration, and on December 17, 2008, a hearing was held in front of an administrative law judge ("ALJ"). Tr. 159. On March 19, 2009, the ALJ issued a decision denying Dennis's claim for benefits ("first decision"). Tr. 159. Dennis appealed to the Appeals Council, which granted review and remanded the case because the first decision erroneously calculated the DLI. Tr. 35, 169. The initial DLI was determined to be March 31, 2007, but Dennis was actually insured through June 30, 2007. Tr. 35-36. Accordingly, the first decision failed to adjudicate Dennis's disability status during that time period. Tr. 35.

On remand, the ALJ held another hearing on February 17, 2010, and on May 20, 2010 again denied Dennis's claim ("second decision"). Tr. 35-36. This decision was appealed to the Appeals Council which denied review. Tr. 1. Accordingly, it became the final decision. Tr. 1-3.

## DISABILITY ANALYSIS

The Commissioner engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity.

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed by the Commissioner on August 17, 2012 (Docket # 10).

If she is, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement.  20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909, 416.920(a)(4)(ii).  If the claimant does not have such a severe impairment, she is not disabled.  Id.

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is determined to equal a listed impairment, the claimant is disabled.  Id.

Next, if adjudication continues beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC").  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments.  20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p.

At step four, the ALJ uses the RFC assessment to determine if the claimant can perform her past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If the claimant can perform her past relevant work, she is not disabled.  Id.  If the ALJ finds that the claimant's RFC precludes performance of her past relevant work, the ALJ proceeds to step five.  Id.

At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v); 404.1520(g); 416.920(a)(4)(v); 416.920(f); Yuckert, 482 U.S. at 142; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  If the claimant can perform such work, she is not disabled.  Id.

The initial burden of establishing disability rests upon the claimant.  Tackett, F.3d at 1098.  If the process reaches the fifth step, the burden shifts to the Commissioner to show that

"the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's [RFC], age, education, and work experience." Id. at 1100. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g); 404.1566; 416.920(g); 416.966.

### THE ALJ'S FINDINGS

At step one, the ALJ found Dennis did not engage in substantial gainful activity during the period from her alleged onset date through her DLI. Tr. 37. At step two, the ALJ found Dennis had the severe impairment of mild degenerative disc disease of the lumbar spine. Tr. 38.

At step three, the ALJ found Dennis did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Tr. 39. Next, the ALJ found that Dennis had the RFC "to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) except she was restricted from climbing ladders, ropes, or scaffolds due to the effects of narcotic pain medication[, but could] frequently balance, stoop, kneel, crouch, crawl, or climb ramps or stairs." Id.

At step four, the ALJ found Dennis had no past relevant work. Tr. 44. Because of this, the ALJ noted that the "[t]ransferability of job skills [was] not an issue." Id. At step five, the ALJ first mentioned that Dennis had at least a high school education, is able to communicate in English, and was forty-nine years old on the DLI. Id. The ALJ then found that, considering Dennis's RFC, age, education, and work experience, she was capable of performing other work that existed in significant numbers in the national economy, namely the light, semi-skilled positions of cashier and appointment clerk. Tr. 44-45. Therefore, the ALJ found Dennis not disabled. Tr. 45.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" is "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193.

## ANALYSIS

Dennis challenges the final decision, claiming that the ALJ erred by (1) finding that Dennis can perform semi-skilled jobs at step five without having transferable skills, (2) failing to properly find and consider Dennis's mental impairments at step two, and (3) failing to follow the remand order from the Appeals Council. As a result of these errors, Dennis claims the Commissioner's final order should be reversed and Dennis found disabled, or remanded for further proceedings.

I.   **The Commissioner did not error in finding Dennis capable of performing semi-skilled work at step five of the inquiry.**

At step five, the Commissioner has the burden of showing the claimant is capable of performing any job that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In determining this, the ALJ must consider the claimant's RFC, age, education, and work experience in conjunction with the Medical-Vocational Rules. 20 C.F.R. § 404 app. 2 § 200.00(a).

First, the Medical-Vocational Rules are divided into tables based upon the claimant's RFC, which determines what level of work the claimant is capable of performing. See 20 C.F.R. § 404 app. 2 tbl.2. Second, the claimant's age is divided into three categories: advanced age (55 or older), closely approaching advanced age (50-54), and younger individual (18-49). 20 C.F.R. § 404.1563(a)-(e). For younger individuals, courts generally consider a person's age will not seriously affect his or her ability to adjust to other work. 20 C.F.R. § 404.1563(c). Third, the claimant's education is primarily divided based upon whether the claimant has at least a high school degree. 20 C.F.R. § 404.1564 (a)-(b). Lastly, the claimant's work experience is divided based upon the type of potential work the claimant performed (i.e. unskilled, semi-skilled, or skilled) and whether any transferable skills exist. 20 C.F.R. § 404.1565 (a)-(b). These tables will direct a decision of "disabled" or "not disabled" based on the above factors. 20 C.F.R. § 404 app. 2 § 200.00(d). However, when the claimant cannot perform substantially all of the exertional demands of work at a given level, the Medical-Vocational Rules are used only as a framework. 20 C.F.R. § 404 app. 2 § 200.00(e)(2).

In Bray v. Comm'r of Soc. Sec. Admin, the ALJ failed to determine whether the claimant would require little to no vocational adjustment to other work, as required by the Medical-Vocational Rules. 554 F.3d 1219, 1224 (9th Cir. 2009). This was improper primarily because

the claimant was of an advanced age. Id. (while the claimant was fifty-four years old, she was less than one month from turning fifty-five). Accordingly, the court held the ALJ should have identified the specific transferrable skills that the claimant possessed, as required by SSR 82-41. Id. at 1223-26.

In this case, the RFC assessment determined Dennis could perform a range of light work as defined in 20 C.F.R. § 404.1567(b). Tr. 39. Accordingly, the determination of disability further depended on Dennis's education, age, and previous work experience. See 20 C.F.R. § 404 app. 2 tbl.2. Dennis completed high school and is able to communicate in English. Tr. 44. Additionally, she was forty-nine years old on the DLI. Id. This would place her in the category of a younger individual. The ALJ also determined Dennis had no past relevant work, as her previous work was not performed at substantial gainful activity levels. Id. Thus, the transferability of job skills was not an issue and a finding of "not disabled" would normally be appropriate under the Medical-Vocational Rules. 20 C.F.R. § 404 app. 2 tbl.2 § 202.13. However, Dennis's ability to perform all or substantially all of the requirements of light work was impeded by further limitations. Tr. 44. Accordingly, the Medical-Vocational Rules are only used as a framework. When these Rules do not direct a specific finding, "full consideration must be given to all of the relevant facts in the case . . . which will provide insight into the adjudicative weight to be accorded each factor." 20 C.F.R. § 404 app. 2 § 200.00(e)(2).

Because the Medical-Vocational Rules did not direct a specific conclusion, the ALJ asked the vocational expert ("VE") whether jobs existed for an individual with Dennis's RFC, age, education, and work experience. Tr. 44. The VE testified that given Dennis's factors, she would be able to perform the light, semi-skilled occupations of either cashier or appointment clerk. Tr. 44-45. Specifically, the VE noted that Dennis's previous work skills were done over a

long enough period of time to qualify as transferable work skills. Tr. 90. According to the VE, these skills, which included handling money and taking appointments, were sufficiently applicable to the positions of cashier and appointment clerk. Tr. 91-92. Generally, when a claimant is found to have transferable skills, the ALJ should identify those in the decision. See SSR 83-10, available at WL 31251, *3; Bray, 554 F.3d at 1223-26. However, unlike Bray, Dennis is a younger individual and not of an advanced age. Her age does not significantly affect her ability to adjust to other work. Dennis is also not free to search the record to find potential procedural errors to reverse a decision that is otherwise supported by substantial evidence. Cf. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991). Furthermore, the Medical-Vocational Rules rarely direct a finding of "disabled" for younger individuals. See 20 C.F.R. § 404 app. 2 tbls.1-4.

The transferability of skills was immaterial to the ALJ's decision because the VE's testimony, and the record as a whole, supports the decision. See Curry, 925 F.2d at 1131 (holding this type of omission to be harmless error if it does not affect the disability determination at issue); Molina v. Astrue, 674 F.2d 1104, 1115 (9th Cir. 2012) (holding that an ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination"). Any failure on the ALJ to specifically identify transferable skills was harmless because it was inconsequential to the ultimate nondisability determination. Accordingly, the ALJ's findings were supported by substantial evidence and the Commissioner properly carried its burden at step five.

II.     **The ALJ did not error in disposing of Dennis's mental impairments at step two.**

At step two, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). In doing so, the ALJ is required to

follow the psychiatric review technique ("PRT"). 20 C.F.R. § 404.1520a; Keyser v. Comm'r of Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011). Under the PRT, if the claimant presents a colorable claim of mental impairment, the ALJ must determine whether the claimant has a medically determinable mental impairment, rate the degree of functional limitation for four functional areas, and determine the severity of the mental impairment. Keyser, 648 F.3d at 725. Then, if the impairment is severe, the ALJ continues on to step three of the original five-step inquiry. Id. However, when step two is resolved in the claimant's favor, an ALJ's failure to find other severe impairments is likely harmless error. See Gray v. Comm'r of Soc. Sec. Admin., 365 F. App'x 60, 61 (9th Cir. 2010) (rejecting argument that the ALJ erred at step two by determining certain impairments were not severe, because "the ALJ concluded that [the claimant's] other medical problems were severe impairments"); Mondragon v. Astrue, 354 F. App'x 346, 348 (9th Cir. 2010) ("Any alleged error at step two was harmless because step two was decided in [claimant's] favor with regard to other ailments.").

Relying primarily on Keyser, Dennis argues the ALJ erred in disposing of her mental impairments without properly following the PRT under 20 C.F.R § 404.1520a. Opening Brief of Plaintiff at 15-16. If a claimant has a medically determinable mental impairment, the ALJ must then rate the degree of limitation for: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(4). In Keyser, the court held the ALJ failed to follow the PRT because the "written decision did not document the ALJ's application of the technique and did not include a specific finding as to the degree of limitation in any of the four functional areas." 648 F.3d at 726. The ALJ simply adopted a PRT previously completed by an examining doctor. Id.

Unlike Keyser, the ALJ specifically determined Dennis's "mental symptoms impose no

more than mild impairments to her activities of daily living, social functioning, and ability to maintain concentration, persistence, and pace." Tr. 38. In <u>Keyser</u>, the ALJ did not reference the four functional areas, but rather adopted a previously completed PRT. Here, the ALJ properly considered and evaluated the opinions of Dr. Kirkendall and Dr. Brewster, and the ALJ specifically noted Dennis's mental symptoms impose only mild impairments. Tr. 38. In October 2006, Dennis met with Dr. Kirkendall once, and he performed a psychological assessment. Tr. 38, 418-22. Dennis received a global assessment of functioning ("GAF") score of thirty-five. Tr. 38, 422. Specifically, Dr. Kirkendall's analysis mentioned that Dennis remained in bed most days, did not often leave her house, and contributed little to the maintenance of her home. Tr. 38, 421-22.

Within weeks of this visit, Dr. Brewster examined Dennis and noted that she was able to independently perform activities of self-care and spend fifteen minutes daily on housework. Tr. 38, 424-35. Additionally, Dr. Brewster described Dennis as "grossly alert" and able to follow multi-step directions with fluent and non-tangential speech. Tr. 38, 429. Because this evidence contradicted much of Dr. Kirkendall's findings, the ALJ gave greater weight to Dr. Brewster's examination. Tr. 38. Furthermore, the ALJ noted that GAF scores rate the intensity of an individual's reported symptoms and are not an accurate appraisal of a person's functional capabilities. <u>Id.</u> The record supports Dr. Brewster's finding. Therefore, the ALJ's finding was supported by substantial evidence.

Additionally, the ALJ's failure to find other severe impairments beyond Dennis's degenerative disc disease is harmless error because step two was resolved in Dennis's favor. Because of this, the ALJ still "considered all symptoms . . . consistent with objective medical evidence" in determining Dennis's RFC.

III.    **The ALJ properly followed the remand order from the Appeals Council.**

    The ALJ must take any action that is ordered by the Appeals Council, and may also take any additional action that is consistent with the order. 20 C.F.R. § 404.977.

    The Appeals Council remanded the first decision because Dennis's earnings showed she was actually last insured for benefits on June 30, 2007 not March 31, 2007. Tr. 169. The Appeals Council ordered the ALJ to adequately develop the record and obtain necessary evidence relevant to the time period ending June 30, 2007. Tr. 170. Primarily, this included recontacting Dr. Birchard, addressing all relevant medical opinions, and obtaining evidence from a medical expert ("ME") if necessary. Id. Dennis argues (1) the ALJ failed to recontact Dr. Birchard and give adequate weight to her testimony, as well as Brian McNutt's and Dr. Dunn's opinions, and (2) the testimony of the ME at the second hearing was inadequate. Id.

    Contrary to Dennis's argument, the ALJ properly responded to the remand order and adequately developed the record for the DLI ending on June 30, 2007. The Appeals Council "acknowledge[d] the rational in the [first] hearing decision regarding the report from Dr. Birchard," but said "she should be recontacted to determine if she has additional documentation in support of her opinion." Tr. 169-70. Dr. Birchard was recontacted and provided additional charts and notes from May 2009, and examined Dennis on June 30, 2009. Tr. 740, 767-69. Furthermore, in the second decision, the ALJ sufficiently elaborated on why Dr. Birchard's opinion was discredited. Tr. 38. As noted by the ALJ, Dr. Birchard gave inconsistent testimony regarding Dennis. Tr. 38, 41, 468, 691. Additionally, Dr. Birchard was disciplined by the Board of Naturopathic Examiners for her treatment of Dennis. Tr. 42. The ALJ also discredited Physician Assistant Brian McNutt's opinion because he had never tested Dennis for functional deficits and was not an acceptable medical source. Id. Similarly, the ALJ provided specific and

legitimate reasons for discrediting other physician's opinions that supported Dennis's claims, including Dr. Dunn's. Tr. 40-44. Their opinions were discredited primarily because they were inconsistent and contrary to both the record and objective medical evidence.

Regarding the ME's testimony at the second decision, the Secretary correctly points out that Dr. Blackman stated there were a "lack of objective findings" supporting Dennis's claim. Brief of Defendant at 5. While Dr. Blackman seemed to waver in his testimony, it was only when asked about Dennis's alleged symptoms that he indicated her impairments might equal a listing. Accordingly, the ALJ properly relied on the ME's testimony.

The ALJ followed the remand order from the Appeals Council in recontacting Dr. Birchard and adequately developing the record. Reversal would be improper.

## RECOMMENDATION

For the reasons stated above, the ALJ's determination was supported by substantial evidence. Thus, the ALJ's decision should be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** _See_ Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). Any appeal from an order adopting this Report and Recommendation would be frivolous and not taken in good faith.

DATED this _____ day of ~~June,~~ July 2013.

_____
MARK D. CLARKE
United States Magistrate Judge